# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**WILLIAM BEDFORD GREENE JR.,**

      **Plaintiff,**

      **v.**

**VINES HOSPITAL LLC,**

      **Defendant,**

_____/

**Case No.: 5:26-cv-111-SPC-PRL**

## REPORT AND RECOMMENDATION[1]

Plaintiff William Bedford Green Jr., who is proceeding *pro se*, filed this action against The Vines Hospital, LLC, arising out of his involuntary confinement at The Vines Hospital pursuant to Florida's Baker Act. (Doc. 1). Plaintiff has alleged claims under 42 U.S.C. § 1983 for violation of his due process rights under the Fourteenth Amendment, as well as state law claims for false imprisonment, negligence per se, and battery. Plaintiff has moved to proceed in forma pauperis. (Doc. 2).

On March 9, 2026, the undersigned entered an Order deferring ruling on Plaintiff's motion to proceed in forma pauperis and permitting Plaintiff to file an amended complaint on or before April 3, 2026, if he could do so in good faith. (Doc. 4). Plaintiff has not filed an amended complaint, nor has he sought additional time to do so. Accordingly, for the reasons

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

discussed below, I submit that Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied and the complaint (Doc. 1) should be dismissed.

## I.      Legal Standards

An individual may be allowed to proceed in forma pauperis if the individual declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, or "fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at n.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8 and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Subject matter jurisdiction is a threshold issue in any case pending in a United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

## II.    Discussion

Plaintiff alleges that on December 15, 2024, he was involuntarily admitted to The Vines Hospital pursuant to Florida's Baker Act. (Doc. 1 at ¶7). The Baker Act provides statutory procedures for the involuntary examination and hospitalization of individuals with mental illness who pose a danger to themselves or others or are unable to care for themselves. *See* Fla. Stat. § 394.463. Plaintiff alleges that he was confined at The Vines Hospital for approximately thirteen days, until December 27, 2024. Plaintiff alleges that Defendant failed to release him or secure proper court authorization for continued confinement, beyond the statutory time limits provided under the Baker Act.  He also alleges that he was administered medication without his consent. Plaintiff has alleged claims under

42 U.S.C. § 1983 for violation of his due process rights under the Fourteenth Amendment, as well as state law claims for false imprisonment, negligence per se, and battery.

Plaintiff invokes the court's federal question jurisdiction through an alleged violation of his civil rights under 28 U.S.C. §§ 1331, 1343, and asserts that the action "arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment. (Doc. 1 at 1). Plaintiff further alleges supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. § 1367. Upon review of the complaint, I submit that Plaintiff has failed to plead a cause of action sufficient to invoke the court's federal question jurisdiction.

Section 1983 "is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015).

As an initial matter, Plaintiff's complaint fails to allege that The Vines Hospital, LLC is a state actor or that its conduct as a private actor satisfies any of the Eleventh Circuit's tests for private actor liability under § 1983. Plaintiff simply alleges that Defendant is a limited liability company and that it is a state actor because it confined Plaintiff under Florida's Baker Act. (*See* Doc. 1 at 2) ("Defendant, in carrying out involuntary confinement under Florida's Baker Act, acted under color of state law and exercised state-delegated power over Plaintiff's liberty."). However, the mere fact that Defendant, a private actor, invoked Florida's Baker Act to involuntarily confine him is insufficient to adequately allege the required state action

pursuant to § 1983. *See, e.g., Mcbride v. Guzina*, No. 8:21-cv-546-CEH-AEP, 2022 WL 111230, at *13 (M.D. Fla. Jan. 12, 2022) (finding § 1983 count inadequately pleaded where plaintiff failed to allege state action by private hospital and its employees); *Lara v. Hillsborough Cnty. (FL) Sheriff*, No. 8:18-cv-2794-T-16SPF, 2019 WL 6251357, at *4–5 (M.D. Fla. Nov. 22, 2019) (dismissing § 1983 claims brought against private hospital for failure to allege state action); *Guardino v. Halifax Health*, No. 6:18-cv-2035-ORL41KRS, 2019 WL 469122, at *3–4 (M.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, 2019 WL 462811 (M.D. Fla. Feb. 6, 2019) (denying motion to proceed *in forma pauperis* and dismissing § 1983 claims brought against private healthcare entity); *United States ex rel. Settles v. Universal Health Servs., Inc.,* No. 3:16-cv-1-J-32JRK, 2016 WL 5791258, at *3 (M.D. Fla. Oct. 4, 2016) ("Other than reincorporating previous allegations, the allegations in the § 1983 counts do not state any facts demonstrating that Defendants are state actors, nor do Plaintiffs allege that River Point is a state hospital."); *Giarratano v. Judd*, No. 8:10-cv-2531-T-27TGW, 2012 WL 1191145, at *3 (M.D. Fla. Apr. 10, 2012) (granting motion to dismiss § 1983 claims against private hospital and doctor for failure to allege state action on claims of involuntary commitment under Florida's Baker Act).

Moreover, the actions that Plaintiff challenges are the actions of Defendant's employees, not those of the hospital itself.  Even if Plaintiff had established that The Vines Hospital, LLC was a state actor, a private hospital cannot be held liable under § 1983 for the acts of its employees on a *respondeat superior* or vicarious liability theory.  *See Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992) (holding that a private hospital "cannot be faulted for the conduct of its employees") (citing *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658 (1978)). In addition to the state action requirement, to establish The Vines Hospital, LLC's liability,

Plaintiff would need to allege that Defendant "had a custom or policy that constituted a deliberate indifference to his constitutional rights, or that the entity had a persistent and widespread practice of unconstitutional actions." *Lara*, 2019 WL 6251357, at *4 (finding allegations insufficient to establish private entity's liability under section 1983) (citing *Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017)). Plaintiff has not done so here.

In sum, Plaintiff does not allege any facts that would render The Vines Hospital, LLC—a private entity—a state actor under § 1983. Furthermore, Plaintiff fails to allege that any custom or policy exists that constituted a deliberate indifference to his Fourteenth Amendment rights. As a result, Plaintiff has failed to allege a plausible § 1983 claim, which is the only alleged basis for the Court's subject matter jurisdiction.

## III.  Recommendation

Accordingly, I recommend that Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be **denied,** and his complaint (Doc. 1) should be **dismissed**.

**DONE** and **ENTERED** in Ocala, Florida on April 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy